FILED 11 AUG 4 8:32USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

THOMAS EVAN PEED,

        Petitioner,

v.

MARK NOOTH,

        Respondent.

Civil No. 08-651-PA

OPINION AND ORDER

Tonia L. Moro, Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

John R. Kroger, Attorney General
Lynn David Larsen, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 - OPINION AND ORDER

PANNER, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his underlying state court convictions from 1998. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

On February 19, 1997, the Josephine County Grand Jury indicted petitioner on four counts of Sexual Abuse in the First Degree, two counts of Sodomy in the First Degree, three counts of Unlawful Sexual Penetration in the First Degree, and one count of Unlawful Sexual Penetration in the First Degree for crimes committed against two victims under the age of 12. Respondent's Exhibit 108. Petitioner proceeded to a jury trial where the jury found him guilty on all counts. As a result, the trial court sentenced petitioner to 250 months in prison. Respondent's Exhibit 101.

Petitioner took a direct appeal where the Oregon Court of Appeals granted partial relief and vacated one count of Unlawful Sexual Penetration in the First Degree, but otherwise affirmed the remaining eight convictions. State v. Peed, 168 Or. App. 236, 4 P.3d 82 (2000). The Oregon Supreme Court denied review. 330 Or. 470, 8 P.3d 220 (2000).

Petitioner next filed for post-conviction relief ("PCR") in Malheur County where the PCR trial court denied relief on all of his claims. The Oregon Court of Appeals affirmed the lower court

2 - OPINION AND ORDER

without opinion, and the Oregon Supreme Court denied review. *Peed v. Lampert*, 188 Or. App. 765, 73 P.3d 313, rev. denied 336 Or. 125, 79 P.3d 882 (2003).

Petitioner filed a federal habeas corpus petition on December 5, 2003 but voluntarily dismissed the action without prejudice in order to return to Oregon's state courts to raise a sentencing and confrontation claims. When he filed his second PCR action in the Malheur County Circuit Court, the PCR trial court dismissed the action as untimely, successive, and because the newly raised claims could have been raised on direct appeal or in his first collateral challenge. Respondent's Exhibit 140. The Oregon Court of Appeals affirmed the PCR trial court in a written decision, and the Oregon Court Supreme Court denied review. *Peed v. Hill*, 210 Or. App. 704, 153 P.3d 125 (2006), *rev. denied* 343 Or. 33, 161 P.3d 943 (2007).

Petitioner filed yet another PCR action, which the PCR trial court dismissed as improperly successive, untimely, and meritless. Respondent's Exhibit 151. Petitioner filed a notice of appeal, but later moved to dismiss the appeal. Respondent's Exhibits 156, 157.

Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on May 30, 2008 raising 23 grounds for relief. Because those grounds are adequately stated in the Petition and Attachment 1 to the State's Response brief, they need not be repeated here. Respondent asks the court to deny relief on the claims because: (1) petitioner does not support many of the claims with any argument; (2) most

3 - OPINION AND ORDER

claims are procedurally defaulted; (3) the claims lack merit; and (4) the state court decisions denying relief on the claims are entitled to deference.

## DISCUSSION

### I. Unargued Claims

On page 19 of petitioner's supporting memorandum, he represents that he is proceeding on Grounds 4, 5, 9, 11, 13, 16, 18, 21, and 23 of the Petition. He has not supported the remainder of his claims or otherwise attempted to rebut the State's arguments that the unargued claims do not entitle him to relief. The court has nevertheless reviewed petitioner's unargued claims on the existing record and determined that they do not entitle him to relief. See 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."); see also Silva v. Woodford, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims).

### II. Exhaustion and Procedural Default

According to respondent, petitioner failed to present all of his remaining claims to Oregon's state courts, thereby leaving them unpreserved for federal habeas corpus review.

///

4 - OPINION AND ORDER

## A.   Standards

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure

5 - OPINION AND ORDER

to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

**B. Analysis**

### 1. Grounds One and Four

In Grounds One and Four, petitioner alleges that his trial attorney was ineffective for failing to: (1) object to Dr. Candelaria's trial testimony on the basis that Dr. Candalaria's name was not on the indictment; and (2) object to the introduction of evidence from Family Friends Counseling because the relevant exhibits had been wrongfully withheld from petitioner. Petitioner raised both of these claims in his first PCR Petition. Respondent's Exhibit 117, pp. 2-4.

On appeal, petitioner did not challenge the PCR trial court's decision regarding the Family Friends Counseling evidence. While he did raise a claim of ineffective assistance of counsel pertaining to Dr. Candeleria's testimony, that claim differed from the one raised during his PCR trial and in the operative pleading in this federal habeas case. Specifically, in his PCR trial and in his federal habeas Petition, petitioner alleges that counsel simply failed to object to Dr. Candeleria's testimony. During petitioner's first PCR action, the State responded that counsel did, in fact, object to that testimony, Respondent's Exhibit 123,

6 - OPINION AND ORDER

p. 5, and the PCR trial court directly addressed the claim when it specifically found that counsel did attempt to have this evidence excluded. Respondent's Exhibit 133, p. 1. This caused petitioner to change his claim in his PCR Appellant's Brief where he now admitted that counsel objected to the relevant testimony, but faulted counsel for not making a better objection. Respondent's Exhibit 134, pp. 8-9.

Ineffective assistance of counsel claims are discrete and must be properly raised in order to avoid procedural default. *Carriger v. Stewart*, 971 F.2d 329, 333-34 (9th Cir. 1992), *cert. denied*, 507 U.S. 992 (1993). Petitioner's claim was the counsel failed to object at all, but when the evidence clearly showed that counsel did object, petitioner changed his claim and alleged that counsel's objection could have been better. These are distinct claims, and the former does not encapsulate the second. Because petitioner raised neither his Ground One nor Ground Four claims on appeal, he failed to fairly present them to Oregon's state courts and they are now procedurally defaulted.

2.   Ground Three

As Ground Three, petitioner alleges that trial counsel failed to adequately object to the trial court's exclusion of a 1995 police report and video tape where the victim allegedly stated that he was abused by Michael Meyer. Petitioner raised such a claim in his PCR Petition. Respondent's Exhibit 117, p. 2. He also raised

7 - OPINION AND ORDER

the claim in his Appellant's Brief and Petition for Review in the Oregon Supreme Court. Respondent's Exhibit 134, p. 8; Respondent's Exhibit 136, pp. 7-8. Although respondent properly asserts that petitioner did not specifically argue on appeal that counsel had any more advantageous basis upon which to object, any weakness of the argument presented on appeal is not relevant to the issue of whether petitioner fairly presented his claim. Accordingly, the court will address the merits of this claim later in this Opinion.

   3. <u>Grounds Eleven, Thirteen, and Sixteen</u>

Grounds Eleven, Thirteen, and Sixteen all raise ineffective assistance of appellate counsel claims. Because petitioner failed to raise any claim pertaining to the performance of appellate counsel during his only proper PCR appeal, Respondent's Exhibits 134 & 136, he failed to fairly present these claims to Oregon's state courts. As the time for doing so has passed, the claims are now procedurally defaulted.

   4. <u>Ground Five</u>

In Ground Five, petitioner alleges that his trial attorney was constitutionally deficient because he did not adequately challenge the trial court's ruling that counsel was not allowed to cross-examine the State's witnesses. Petitioner failed to raise this claim during his PCR appeal. Respondent's Exhibits 134, 136. While he did raise the claim in his second PCR action, Respondent's Exhibit 139, he presented the claim in a procedural context in

8 - OPINION AND ORDER

which the merits were not considered by the state courts because the Petition was untimely and improperly successive. As a result, petitioner failed to fairly present his Ground Five claim, which is now procedurally defaulted. *See Castille, supra.*

### 5. Ground Nine

In Ground Nine, petitioner alleges that trial counsel erred when he failed to properly introduce Dr. Candelaria's 1996 report in which one of the victims allegedly asserted a false claim of sexual abuse against petitioner. Such a claim is not contained anywhere within the first PCR action and is now procedurally defaulted. Respondent's Exhibits 117, 134, 136.

### 6. Grounds Eighteen, Nineteen, Twenty-One, and Twenty-Three

Finally, petitioner raises four grounds for relief pertaining to the fact that most of his convictions were imparted by a less-than-unanimous jury. Petitioner did not raise these claims in his first PCR action, but attempted to do so in his second PCR action. Respondent's Exhibit 139, pp. 7-8. As discussed previously, because the second PCR action was dismissed as untimely and improperly successive, petitioner failed to fairly present any claims from that action in a context in which the merits were actually considered. Because the time for presenting such claims passed long ago, they are now procedurally defaulted.

///

///

9 - OPINION AND ORDER

## III. The Merits

Petitioner's sole remaining claim arises from Ground Three where he alleges that trial counsel failed to make an adequate objection to the trial court's exclusion of a 1995 police report and video tape where the victim allegedly accused a different person of sexual abuse.

### A. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

10 - OPINION AND ORDER


Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

### B. *Analysis*

According to Ground Three of the Petition for Writ of Habeas Corpus, trial counsel failed to adequately object to the trial court's exclusion of a 1995 police report and video tape where one of the victims allegedly stated that he had been abused by Michael Meyer. Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test the Supreme Court has established to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009). First, petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

11 - OPINION AND ORDER

Second, petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 129 S.Ct. at 1420.

In his first PCR Petition, petitioner alleged that trial counsel was ineffective for failing to "adequately object to the exclusion at trial of an October 1995 video tape that had previously been included by a pre-trial judge." Respondent's Exhibit 117, p. 2. During his PCR trial, the following exchange took place:

> State's Atty: Okay. Now, it sounds like your attorney fought pretty hard to get this information in, and that your main claims are really against the Trial Court and -- - its ruling?
>
> Petitioner: In somewhat yes and no because I feel that my attorney should have moved for a mis-trial on the grounds that we were denied due process. We were not allowed to bring the evidence in, which greatly destroyed my possibility of a fair trial.

Respondent's Exhibit 132, pp. 18-19.

12 - OPINION AND ORDER

It is clear from petitioner's PCR testimony that his claim against trial counsel was based on counsel's failure to move for a mistrial based upon the alleged due process violation. Counsel had, however, repeatedly sought to admit evidence pertaining to the accusation against Michael Meyer, but the trial court consistently denied the introduction of such evidence and ultimately advised counsel that it did "not want to hear anymore about Michael Meyer. . . ." Trial Transcript, pp. 78-85, 164-176, 307-318. Counsel was under no obligation to file a meritless motion for a mistrial, or otherwise make a fourth attempt to admit the evidence. *See Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994), *rev. denied*, 513 U.S. 1001 (1994) (an attorney is not required to file a motion he knows to be meritless). Indeed, it is apparent from the record that the judge had grown exasperated regarding the Michael Meyer issue following counsel's third attempt to admit the evidence, and it was a sound strategic decision not to raise the issue again in the form of a motion for mistrial.

Counsel did what was reasonably required of a competent attorney with respect to the evidence at issue, thus his performance did not fall below an objective standard of reasonableness when he did not move for a mistrial. Consequently, the PCR trial court's decision denying relief on this claim is neither contrary to, nor an unreasonable application of, clearly established federal law.

13 - OPINION AND ORDER

IV.  **Insufficient Pleading**

Petitioner, through his appointed attorney in this habeas case, has argued new claims not contained in the operative pleading. The court need not detail them, as it has decided this case based solely upon the claims contained only in the Petition as required by Rule 2(c) of the Rules Governing Section 2254 Cases. *See Greene v. Henry*, 302 F.3d 1067, 1070 fn 3 (9th Cir. 2002) (a court need not consider claims not raised in the petition).

The appropriate procedure for adding claims to a case is through the filing of an amended petition, not by alleging them in a supporting memorandum. Consequently, the court summarily denies all new claims raised within petitioner's briefing and advises counsel that, in the future, such claims should be raised in an amended pleading or not at all.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is DENIED. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this ___3___ day of Aug., 2011.

_____
Owen M. Panner
United States District Judge

14 - OPINION AND ORDER